

FILED
NOV 21 2012
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| LINDA M. LITTLE,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br><br>Defendant. | CV 12-30-BU-DLC<br><br>ORDER |

Plaintiff Linda Marlene Little, proceeding pro se, filed a claim for benefits under Title II of the Social Security Act. On November 16, 2010, Little's claim was denied. On March 14, 2012, the Appeals Council mailed her a notice informing her that it had denied her request for review of the Administrative Law Judge's decision. This notice also informed Little that she had

1

60 days after receipt of this notice to file suit. Little filed suit on May 21, 2012. The Commissioner of Social Security filed a motion to dismiss the case under 42 U.S.C. §§ 405(g) and (h), arguing the Court lacks subject matter jurisdiction over Little's complaint because it was filed more than 60 days after Little received notice of the Administrative Law Judge's decision.

The matter was referred to Magistrate Judge Carolyn S. Ostby, who issued Findings and Recommendations. Judge Ostby found that the Commissioner had erred in claiming the Court lacks subject matter jurisdiction. However the Judge recommended the Commissioner's Motion to dismiss be granted under 42 U.S.C. §§ 405(g) and (h), as plaintiff's motion was not timely filed. Little filed objections to the Findings and Recommendations, and is entitled to de novo review of the specified findings and recommendations to which she objects. 28 U.S.C. § 636(b)(1).

The plaintiff concedes her complaint is untimely. However, she requests that her claim not be dismissed on three separate grounds. The 60-day statute of limitations established in § 405(g) must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). However, the Court may extend the 60-day statute of limitations period enumerated in § 405(g) "where the equities in favor of tolling the limitation are so great that deference to the agency's judgment is

inappropriate." *Id at 479*. "The plaintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling." and generally must show fraud, misinformation or deliberate concealment. *Jackson v. Astrue*, 506 F. 3d 1349, 1355 (11th Cir. 2007). In the Ninth Circuit, "[e]quitable tolling focuses on whether there was excusable delay by the plaintiff and may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of [her] claim." *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir. 2006) (internal quotation marks and citations omitted).

Little contends that she had difficulty obtaining records to use in her appeal, that she left several messages with the District Court concerning questions and queries about her claim but received no response from the Court, and that she was erroneously informed by a health provider that if her appeal was post marked prior to the date of receipt and before the 60 days were up, it would be accepted. Little fails to show fraud, misinformation or deliberate concealment on the part of the Defendant that would constitute equitable tolling. Unfortunately, the principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990). Because plaintiff has failed to establish exceptional circumstances which would justify extension of the 60-day limitation period, Judge Ostby's analysis and conclusions are adopted in

full.

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendations of Judge Ostby (doc. 13) are adopted in full;

IT IS FURTHER ORDERED that the Commissioner's Motion to Dismiss (doc. 10) is GRANTED and the plaintiff's case is DISMISSED WITH PREJUDICE. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

Dated this 21st day of November 2012.

*Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court